M/D 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2025 MAR -7  A 10: 52

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Darnell Jamane Perkins
_____ )
Full name and prison name of )
Plaintiff(s) )
 )
 )
v. )
 )  CIVIL ACTION NO. 2:25-cv-00188-WKW-CSC
John Q Hamm, Deborah Crook, )  (To be supplied by Clerk of U.S. District
Sgt Robinson, Officer Cheney )  Court)
Yes Cane, Fichtum Parties "A" )
"B", "C", "D", "E", and "F" in their )
personal and official capacities. )
_____ )
 )
Name of person(s) who violated your )
constitutional rights. (List the names )
of all the person.) )

I.  PREVIOUS LAWSUITS

   A.  Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ☐  No ☑

   B.  Have you begun other lawsuits in state or federal court relating to your imprisonment?  YES ☐    NO ☑

   C.  If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

       1.  Parties to this previous lawsuit:

           Plaintiff(s) _____N/A_____

           Defendant(s) _____N/A_____

       2.  Court (if federal court, name the district; if state court, name the county)

           _____N/A_____

3. Docket number __N/A__

4. Name of judge to whom case was assigned __N/A__

5. Disposition (for example: was the case dismissed? Was it appealed? Is it still pending?) __N/A__

6. Approximate date of filing lawsuit __N/A__

7. Approximate date of disposition __N/A__

II. PLACE OF PRESENT CONFINEMENT __Bullock County Correctional Facility__
__104 Bullock Drive - Union Springs, AL 36089__

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED _____

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | John Q Hamm | 316 S. Ripley St. P.O. Box 301501 Montgomery, AL 36130 |
| 2. | Deborah Crook | " |
| 3. | Sgt Robinson | 104 Bullock Drive - Union Springs, AL 36089 |
| 4. | Officer Chaney | " |
| 5. | Fictitious Parties "A"-"F" | " |
| 6. | YesCare Adm: Medical Director | " |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED __March 8, 2023__

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: Deliberate Indifference to the Plaintiff's health & safety resulting in failure to protect the Plaintiff from assault and injuries.

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

Due to the actions of the Defendants while knowing of the dangerous conditions at the prison, the dorm, in which the Plaintiff was housed was left without the presence of a correctional officer, during which time the Plaintiff was assaulted by Inmate Sean Carter who was under the influence of illegal drugs and the Plaintiff suffered injuries. (See the attached Claims against Defendants & Declaration under Penalty of Perjury.

GROUND TWO: (see attachments)

SUPPORTING FACTS: (see attachments)

GROUND THREE: (see attachments)

SUPPORTING FACTS: (see attachments)

RECEIVED
2025 MAR -7 A 10:52
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## CLAIMS AGAINST THE DEFENDANTS

The Plaintiff, Darnell J. Perkins (Plaintiff), as a matter of expediency and efficiency states that all Defendants identified as officials and or officers in the employ of the Alabama Department of Corrections, did know and/or have reason to know, when taking the actions alleged too have been taken with deliberate indifference that (1) the conditions of the prisons of the Alabama Department of Corrections, (ADOC), including, but not limited to the Bullock County Correctional Facility (BCCF), were and remain unsafe and pervasively violent; (2) said conditions are the result of excessive overcrowding, extreme understaffing and dangerous logistical issues within said prisons; (3) said issues have further resulted in and/or contributed to a general and dangerous attitude of deliberate indifference to the health and safety of inmates in said prisons, being displayed by the officials, correctional officers and support staff employed to work in and for said prisons, as well as a heightened level of stress, anxiety and generalized fear amongst the inmates of said prisons, including but not limited to the Plaintiff; and (4) the actions taken by them and alleged to be deliberately indifferent posed a substantial risk to the health and safety of said inmates.

The Plaintiff further asserts as a matter of expediency and efficiency, that Defendants Hamm and Crook, as well as YesCare Corp. and those employed by YesCare Corp., did also know that (1) YesCare Corp. is also the same entity which was previously contracted to provide medical care to the inmates in the ADOC

Prisons under the names of Wexford and Corizon; (2) the entity now doing business as YesCare Corp. and previously known as Wexford and Corizon, has a long history of causing and/or contributing to the constitutionally inadequate medical care, provided to inmates of the ADOC prisons, by and through its policies and customs which (1) limit the medical intervention medical staff, specifically nurses can provide to inmates, without authorization from the facility physician; (2) limit the medical intervention, which can be provided by the facility physicians, without prior authorization from the YesCare Corporate medical board; (3) cause delays in an inmate's ability to receive needed and often times urgent medical attention; and (4) force inmates to navigate a grievance process, which is intended to frustrate and ultimately defeat an inmate's ability to receive proper and timely medical care; and (3) that said entity, does also have a long history of filing bankruptcy when facing multiple suits for deliberately indifferent and constitutionally inadequate medical care, being provided to the inmates of prisons, by the medical staff ot employs, which staff are retained, when the entity files bankruptcy under one business name and continues to business as a different business.

CLAIM #1: John Q Hamm, Commissioner of the ADOC, did with tha knowledge afire stated as a matter of efficiency and expediency, act with deliberate indifference to the health and safety of the inmates in the prisons under his authority, including but not limited to those at the BCCF, more specifically including, but not limited

to the Plaintiff, by continuing to pursue ineffective "corrective" measures to address the overcrowding, understaffing and logistical issues in the prisons under his authority, while knowing said measures were ineffective and refusing to explore other measures which were and are within his authority, and did thereby cause and/or contribute to inmate Sean Carter's unprovoked assault on the Plaintiff and the injuries resulting therefrom, specifically the loss of function and sensitivity, as well as permanent disfigurement of his right thumb and his ongoing emotional distress.

Claim #2: John Q. Hamm, Commissioner of the ADOC, while possessing and/or having reason to possess the knowledge afore stated as a matter of efficiency and expediency, did act with deliberate indifference to the security, health and safety of the inmates under his authority, including, but not limited to those at the BCCF, and more specifically, including, but not limited to the Plaintiff, when, having within his authority to implement policy which not only required correctional officers perform routine walk-through security checks, of the areas to which they are assigned, but require that those supervising such officers also, conduct routine investigations, to ensure correctional officers actually perform such walk-through security check he did not institute such policy, and did thereby cause and/or contribute to inmate Carter's unprovoked assault on the Plaintiff and the injuries resulting therefrom.

CLAIM #3 John Q. Hamm, Commissioner of the ADOC, while possessing and/or having reason to possess the knowledge afore stated as a matter of expediency and efficiency, did act with

deliberate indifference to the health and safety of the inmates under his authority, including but not limited to, the inmates of the BCCF, and more specifically, including but not limited to, the Plaintiff, when he contracted with and/or allowed ADOC to continue its contract with YesCare Corp., and did thereby cause and/or contribute to, inmate Carter's unprovoked assault on the Plaintiff and the injuries resulting therefrom.

Claim #4: Deborah Crook, the Deputy Commissioner for Health and Safety for the ADOC, while possessing and/or having reason to possess the knowledge afore stated as a matter of expediency and efficiency, did act with deliberate indifference to the health and safety of the inmates in the custody of the ADOC, including but not limited to the BCCF, and more specifically, including but not limited to the Plaintiff, when she aided in and/or otherwise allowed YesCare Corp. to receive and/or maintain its contract with the ADOC, retain the same medical staff and continue to enforce its afore stated policies and customs, and that thereby cause and or contribute to the deliberate indifference of the medical staff treatment of the Plaintiff's injuries was grossly inadequate to the point of shocking the consequence and which delayed urgently needed attention, and thereby resulted in further injury to the Plaintiff

Claim #5: David Lamar, Warden of the BCCF on March 8, 2025 while possessing and/or having reason to posses, the knowledge afore stated as a matter of expediency and efficiency did act with deliberate indifference to the health and safety of the inmates at the BCCF, including, but not limited to the Plaintiff

When while having the authority to do so, he did not increase the visibility and presence of the correctional officers under his authority, by instructing the immediate supervisors of said officers to assume that they were actually and effectively conducting the mandatory walk-through security checks, and did thereby cause and/or contribute to, inmate Carter's unprovoked assault on the Plaintiff and the injuries resulting therefrom.

Claim #6: Sgt. Robinson, the female shift officer on duty March 8, 2023, when inmate Carter assaulted the Plaintiff, while possessing and/or having reason to possess the knowledge afore stated as a matter of efficiency and expediency, did act with deliberate indifference to the health and safety of the inmates under her authority when she did not perform her duty to ensure the correctional officers under her authority 1) stayed on their assigned post, 2) conducted the required walk-through security checks regularly and effectively and 3) responded when urgency to the reports of Cube officers assigned to monitor the dorms and did hereby cause and/or contribute to inmate Carter's unprovoked assault on the Plaintiff and the resulting injuries, therefrom.

Claim #7: Ficitious Party "A" the shift officer on duty March 8, 2023 in the event Sgt. Robinson was not the shift officer at the time of inmate Carters assault on the Plaintiff, while possessing and/or having reason to possess the knowledge afore stated as a matter of efficiency and expediency did act with deliberate indifference to the health and safety of the inmates under his/her authority when he/she did not perform his/her duty to ensure the correctional officers under his/her authority

1) stayed on their assigned post, 2) conducted the required walk through security checks regularly and effectively, and 3) responded with urgency to the reports of the Cube officers assigned to monitor the dorms, and did thereby cause and/or contribute to inmate Carter's unprovoked assault on the Plaintiff and the injuries resulting therefrom.

Claim #8: Correctional officer Chaney, the correctional officer allegedly assigned to monitor and provide security for the dorm when the Plaintiff was housed on March 8, 2023, at the time of inmate Carter's assault on the Plaintiff while possessing and/or having reason to possess, the knowledge aforestated as a matter of efficiency and expediency, did act with deliberate indifference to the health and safety of the inmates in said dorm including but not limited to the Plaintiff when he 1) left his assigned post without being properly relieved, 2) did not perform required security checks, 3) and did not respond to the cube officers report of assault on the Plaintiff with the urgency needed to intervene and prevent the Plaintiff from being assaulted and/or injured and did thereby cause and/or contributed to inmate Carter's assault on the Plaintiff and the injuries resulting therefrom.

Claim #9: Ficitious Party "B" the Correctional officer assigned to monitor and provide security for the dorm the Plaintiff was housed in at the time of inmate Carter's assault on the Plaintiff on March 8, 2023, in the event that officer Chaney's not said officer while possessing and/or having reason to possess, the knowledge aforestated as a matter of efficiency and expediency did act with deliberate

indifference to the health and safety of the inmates in said dorm, including, but not limited to the Plaintiff, when said officer 1) left his/her assigned post without appropriate relief, 2) did not perform the required security checks, and 3) did not respond with proper urgency to the Cube officers report of the assault on the Plaintiff and did thereby cause and/or contribute to inmate Carter's unprovoked assault on the Plaintiff and the injuries resulting therefrom.

Claim #10: Ficitious Party "C" the Cube officer assigned to monitor the dorm the Plaintiff was housed in when inmate Carter assaulted the Plaintiff on March 8, 2023, while possessing and/or having reason to possess, the knowledge afore stated as a matter of efficiency and expediency, did act with deliberate indifference to the inmates in said dorm, including but not limited to the Plaintiff, when he/she did not report the eratic behavior of inmate prior to his assault on the Plaintiff and did not report the assault itself in a timely and urgent manner to prevent the Plaintiff from suffering serious injury, and did thereby cause and/or contribute to inmate Carter's assault on the Plaintiff and the injuries resulting therefrom.

Claim #11 Ficitious Party "C" the Director of Nurses at the BCCF, employed by YesCare Corp. while possessing and/or having reason to possess the Knowledge afore stated as a matter of efficiency and expediency did act with deliberate indifference to the health and safety of inmates receiving medical care and/or attention when failed to specifically instruct nurses under her authority to immediately call Doctor Tajir Siddiq or said Director of Nurses himself/herself

in the event of serious injury or other urgent medical need which could result in permnent and/or life threatening consequences, rather than delay the provision of necessary and/or potentially necessary medical attention of a physician and/or surgeon, and did thereby cause and/or contribute to the permanent loss of function and sensitivity as well as permanent disfigurement of the Plaintiff right thumb.

Claim #12: Ficitious Party "D" the head Nurse on duty on March 8, 2023, when the Plaintiff was brought to the infirmary for injuries resulting from an assault while possessing and/or having reason to possess the knowledge aforestated as a matter of efficiency and expediency did act with deliberate indifference to the Plaintiff's serious medical needs when he/she failed to personally discover the extent of the Plaintiff's injuries and immediately call Dr. Tajir Siddig and/or the Director of Nurses and request permission to send the Plaintiff to the hospital to get the surgery needed in a timely fashion to prevent the loss of function and sensitivity in his right thumb, and did thereby cause and/or contribute to said loss of function loss of sensitivity and permanent disfigurement of his right thumb.

Claim #13 The Nurse who provided constitutionally inadequate medical care to the Plaintiff on March 8, 2023, while possessing and/or having reason to possess the knowledge aforestated as a matter of efficiency and expediency and while also knowing the limitations of her own medical conditions, and knowing and/or having reason to know the Plaintiff could possibly lose his thumb without immediate surgical intervention, did act with deliberate indifference when she 1) roughly shoved the the flesh back onto the bones of his

thumb, gave him two tylenol and sent him back to the dorm and 2) did not insist that the head Nurse call Dr. Siddig or the Don to get permission to send the Plaintiff to the hospital and/or make such call herself and did thereby cause and/or contribute to the loss of function and sensitivity as well as the permenent disfigurement of the Plaintiff's right thumb

Claim #14:

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

The Plaintiff seeks injunctive relief and compensatory and punitive damages. This suit is against all Defendants in their personal and official capacities and seeks $250,000 in compensatory damages as well as $200,000 in punitive damages. As to injunctive relief the Petitioner requests this court order that ADOC require its medical service providers adjust and execute plans to provide urgent medical care at the time of need and non urgent care w/in 24 hours of request.

_Darnell J. Perkins_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___March 3, 2025___
(Date)

_Darnell J. Perkins_
Signature of plaintiff(s)

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March 2025, I have filed a copy of the foregoing §1983 action with the clerk of this court and also served a copy on the defendants attorney at the OFFICE OF ATTORNEY GENERAL 501 Washington Ave. - P.O. Box 300152 - Montgomery, AL 36130-0152, by depositing said copies in the prison mail system on said date, at the Bullock County Correctional Facility - 104 Bullock Drive, - Union Springs, AL 36089 with sufficient postage to ensure delivery thereof, pursuant to the "Mail box Rule"

Darnell J. Perkins
Darnell J. Perkins
AIS# 233410
Bullock County Corr. Facility
P.O. Box 5107
Union Springs, AL 36089

Yarnell J. Perkins #233410
BCCF
P.O. Box 5107
Union Springs, AL 36089

United District Court Middle District
One Church Street B-110
Montgomery, AL 36104-4018

Legal: