IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARNELL JARMANE PERKINS, AIS # 233410, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CASE NO. 2:25-CV-188-WKW [WO] |
| JOHN Q. HAMM, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Darnell Jarmane Perkins, an inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 against five Defendants: John Q. Hamm, Commissioner of the Alabama Department of Corrections (ADOC); Deborah Crook, Deputy Commissioner of Health Services for the ADOC; Sgt. Robinson; Officer Chaney; and Wexford Health Sources, Inc.[1] (Doc. # 1.) Pursuant to an Order dated May 22, 2025, the Clerk of Court sent the complaint by certified mail to all Defendants named in the complaint. (Docs. # 8, 8-1.) A return receipt card showing service of Officer Chaney was docketed on May 30, 2025. (Doc. # 9 at 3.) Thereafter, on June 20, 2025, Assistant Attorney General Mary Arrington

---

[1] Plaintiff originally named CHS AL, LLC d/b/a YesCare as a Defendant. However, it has since been determined that Wexford Health Sources, Inc. was the healthcare entity that was contracting with the ADOC to provide healthcare services to inmates at the time alleged by Plaintiff. (*See* Doc. # 38.) Plaintiff also named "Fictitious Parties A–F" as Defendants. (Doc. # 1 at 1, 2.)

Goldthwaite entered a limited appearance to file a motion to dismiss (former) Officer Chaney for insufficient service of process. (Doc. # 19.)

The motion to dismiss former Officer Chaney alleges that Officer Chaney has not been employed with the ADOC since 2023, and Latavia Jackson, who is employed by the ADOC at Bullock Correctional Facility, improperly signed the certified mail card on Officer Chaney's behalf on May 29, 2025. (*See* Doc. # 19 at 1–2, ¶¶ 2–5.) Accordingly, the motion argues for dismissal of Officer Chaney from the suit pursuant to Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, for service on Officer Chaney to be quashed and all deadlines stayed with respect to him until he has been properly served. (Doc. # 19 at 2.)

The Federal Rules of Civil Procedure require that the court dismiss a defendant who is not served within 90 days after the complaint is filed "or order that service be made within a specified time" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). However, the Eleventh Circuit has said that "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." *Richard v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010) (per curiam). In cases where the plaintiff has provided enough information such that a prison-guard defendant can be identified and located with reasonable effort, good cause exists to excuse the plaintiff's failure to serve the defendant within the time limit

imposed by Rule 4(m). *See id.* at 740. Here, Plaintiff, a prisoner-litigant, provided Officer Chaney's name and the time frame during which Officer Chaney was employed by the ADOC. Therefore, there is enough information to locate and serve Officer Chaney.

Based on the foregoing, it is ORDERED as follows:

(1)   The Clerk of Court is DIRECTED to send a copy of the complaint (Doc. # 1) and this Order to General Counsel for the ADOC; and

(2)   On or before **January 5, 2026**, General Counsel for the ADOC or her designee must file under seal the last known home or employment addresses the ADOC has on record for the Defendant identified by Plaintiff as Officer Chaney. If no such addresses are available, General Counsel or her designee must inform the court.

DONE this 18th day of December, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE