IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARNELL JARMANE PERKINS, ) <br> AIS # 233410, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEBORAH CROOK, *et al*., ) <br> ) <br> Defendants. ) | CASE NO. 2:25-CV-188-WKW <br> [WO] |

## **MEMORANDUM OPINION AND ORDER**

**A.** **Introduction**

Plaintiff Darnell Jarmane Perkins filed this *pro se* 42 U.S.C. § 1983 complaint on March 3, 2025,[1] alleging that he was assaulted by a fellow inmate, Sean Carter, on March 8, 2023. (Doc. # 1 at 2–3.) Plaintiff names multiple Defendants "in their personal and official capacities"—John Q. Hamm,[2] Commissioner of the Alabama Department of Corrections (ADOC); Deborah Crook, Deputy Commissioner of

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Plaintiff signed and dated his § 1983 complaint "March 3, 2025." (Doc. # 1 at 13.) Accordingly, his complaint is deemed filed on March 3, 2025, even though it was docketed on March 7, 2025.

[2] Commissioner Hamm's motion to dismiss was granted on February 3, 2026, and he is no longer a Defendant in this action. (*See* Doc. # 61.)

Health Services for the ADOC; Wexford Health Sources, Inc.[3]; Sgt. Robinson; Officer Chaney; and Fictitious Parties A–F.  (Doc. # 1 at 1, 2.)  Plaintiff has filed a Motion for Limited Discovery for the Purpose of Identification and Service of Fictitious Parties.  (Doc. # 57.)  For the reasons to follow, Plaintiff's motion will be denied, and Plaintiff's claims against Fictitious Parties A–F will be dismissed without prejudice.

**B.**     **Fictitious Parties A–F**

Plaintiff identifies the fictitious-party Defendants as follows.  Fictitious Party "A" is "the shift officer on duty March 8, 2023 in the event Sgt. Robinson was not the shift officer."  (*Id.* at 8 (claim # 7).)  Fictitious Party "B" is "the correctional officer assigned to monitor and provide security for the dorm the Plaintiff was housed in at the time of inmate Carter's assault on the Plaintiff . . . in the event that Officer Chaney's not said officer."  (*Id.* at 9 (claim # 9).)  Fictitious Party "C" is "the cube officer assigned to monitor the dorm the Plaintiff was housed in when inmate Carter assaulted the Plaintiff."  (*Id.* at 10 (claim # 10).)  Fictitious Party "D" is "the Director of Nurses at [Bullock Correctional Facility]."[4]  (*Id.* (claim # 11).)  Fictitious

---

[3] Plaintiff originally named CHS AL, LLC d/b/a YesCare as a Defendant.  However, it has since been determined that Wexford Health Sources, Inc. was the healthcare entity that was contracting with the ADOC to provide healthcare services to inmates at the time alleged by Plaintiff.  (*See* Doc. # 38.)

[4] Plaintiff erroneously identifies this party as Fictitious Party "C" (*see* Doc. # 1 at 10 (claim # 11) after already denoting the cube officer as Fictitious Party "C" (*Id.* (claim # 10)).  Accordingly, this Defendant is referred to as Fictitious Party "D."

2

Party "E" is "the head nurse on duty on March 8, 2023, when the Plaintiff was brought to the infirmary for injuries resulting from an assault."[5] (*Id.* at 11 (claim # 12).) And Fictitious Party "F" is "the nurse who provided constitutionally inadequate medical care to the Plaintiff on March 8, 2023." (*Id.* (claim # 13).)

C. **Fictitious-Party Pleading Rules**

    1. *General Rule: No Fictitious-Party Pleading in Federal Court*

Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, the Eleventh Circuit recognizes a limited exception to the general rule when the plaintiff's description of an unnamed defendant is specific enough to allow service of process on that defendant. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). In deciding if a plaintiff should be allowed to proceed against an unnamed, fictitious defendant, a relevant consideration is whether "it [is] clear that discovery would uncover [the] defendant's identity." *Id.* "But [Eleventh Circuit] precedent has never permitted [fictitious party] pleading solely on the ground that discovery might reveal an unnamed defendant's identity. Instead, . . . precedent has always required an unambiguous description of a defendant that enables service of process." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (per curiam).

---

[5] Plaintiff erroneously identifies this party as Fictitious Party "D." (*See* Doc. # 1 at 11.) Fictitious Party "D" already has been identified as the director of nurses at Bullock Correctional Facility. *See supra* note 4. Accordingly, this Defendant is referred to as Fictitious Party "E."

At this juncture, Plaintiff's descriptions of Fictitious Parties A–F, while providing some indication of who these fictitious parties might be, are insufficient to enable service of process. Additionally, the allegations in Plaintiff's complaint center around an assault that allegedly occurred on March 8, 2023; Plaintiff's complaint was received by the Clerk of Court and docketed on March 7, 2025, nearly two years later.[6] Although Plaintiff filed his complaint within the statute-of-limitations period, *see infra* Part C.2, the passage of time since the complained-of conduct occurred makes it increasingly difficult to locate even named defendants,[7] let alone those who are merely described. Finally, while it is *possible* that Fictitious Parties A–F could be identified through discovery, Eleventh Circuit precedent requires that there be "an unambiguous description of a defendant that enables service of process." *Id.* Plaintiff has not provided such description. Consequently, Plaintiff's claims against Fictitious Parties A–F must be stricken from the complaint at this time.

### 2.  *Statute of Limitations, Amendment, and Relation Back*

In striking Plaintiff's claims against Fictitious Parties A–F from the complaint, the court is aware that Plaintiff filed his complaint just before the

---

[6] *See supra* note 1 (noting that, under the prison mailbox rule, Plaintiff's complaint is deemed filed on March 3, 2025).

[7] One example is how difficult it has been to serve Officer Chaney, a named Defendant in this case. This difficulty stems from the fact that Officer Chaney has not been an ADOC employee since June 2023. (*See* Doc. # 19 ¶ 3.)

4

expiration of the two-year statute-of-limitations period.  "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  In Alabama, the limitations period is two years.  *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc) ("[T]he two-year limitations period of Ala. Code § 6-2-38(*l*) applies to section 1983 actions in Alabama.").  "Federal law, though, determines when a § 1983 plaintiff's cause of action accrues." *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025).  "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (cleaned up).

Because the statute of limitations now has run, even if Plaintiff discovered the identity of every fictitious party tomorrow, he could not bring a separate action under 42 U.S.C. § 1983 against the newly identified parties.  Accordingly, if Plaintiff were to discover the identities of the fictitious-party Defendants, his sole potential avenue for relief against those Defendants would be to seek to amend the complaint.

There are "two possible avenues pursuant to which an amendment could properly 'relate back' to the timely filing of an original complaint:  (1) Federal Rule of 15(c)(1)(A); and (2) Federal Rule of Civil Procedure 15(c)(1)(C)." *Mann v.*

5

*Darden*, 630 F. Supp. 3d 1305, 1310 (M.D. Ala. 2009). Rule 15(c)(1)(C), however, does not apply here because it requires that the proper defendant "received such notice of the action that [the party] will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii). Plaintiff's lack of knowledge concerning the identities of Fictitious Parties A–F does not constitute a "mistake" under Rule 15(c)(1)(C). *See Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999) ("While we have stated that we read the word 'mistake' in Rule 15(c) liberally, we do not read the word 'mistake' to mean 'lack of knowledge.'"). Therefore, Plaintiff's remaining avenue for relation back would be Rule 15(c)(1)(A).

Under Rule 15(c)(1)(A), an amendment to the complaint relates back to the originally filed complaint when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Because Plaintiff's action alleging constitutional violations proceeds under § 1983, Alabama law provides the applicable two-year limitations period. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc)). Therefore, Rule 15(c)(1)(A)

instructs that Alabama law governing relation back of amendments governs.[8] *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 964 (11th Cir. 2001) (en banc).

Rule 15 of the Alabama Rules of Civil Procedure governs amendments and supplemental pleadings, and Rule 15(c)(4) provides a relation-back rule for when fictitious parties are involved. Under Rule 15(c)(4), an amendment to the complaint relates back to the date of the original complaint when "relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." Ala. R. Civ. P. 15(c)(4). Rule 9(h) provides:

> When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

---

[8] In *Saxton v. ACF Industries, Inc.*, the Eleventh Circuit held that "Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where . . . state law provides the statute of limitations for the action." 254 F.3d 959, 963 (11th Cir. 2001) (en banc). Later, *Mann v. Darden* found that *Saxton*'s holding applies with equal weight to federal-question cases. *See* 630 F. Supp. 2d 1305, 1311 (M.D. Ala. 2009) (Thompson, J.). Drawing this conclusion, the *Mann* court referenced the advisory committee notes accompanying Rule 15(c)(1):

> If federal jurisdiction is based on a federal question, the reference may be to the law of the state governing relations between the parties. . . . Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.

*Id.* (quoting Fed. R. Civ. P. 15(c)(1) advisory committee's notes to 1991 amendment); *see also Todd v. City of LaFayette*, 2013 WL 1084296, at *2 (M.D. Ala. Mar. 14, 2013) (Thompson, J.) ("Though *Saxton* was a diversity suit, this court has previously determined that *Saxton*'s logic and the purpose of subpart (c)(1)(A) support applying *Saxton*'s holding to federal-question lawsuits where state law provides the statute of limitations." (citing *Mann*, 630 F. Supp. 2d at 1311)).

7

Ala. R. Civ. P. 9(h); *see also Saxton*, 254 F.3d at 965 ("Rules 9(h) and 15(c), Ala. R. Civ. P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted.")

Per the Eleventh Circuit in *Saxton*,

> under Alabama law, an amendment substituting an actual defendant relates back when:
> (1) the original complaint adequately described the fictitious defendant;
> (2) the original complaint stated a claim against the fictitious defendant;
> (3) the plaintiff was ignorant of the true identity of the defendant; and
> (4) the plaintiff used due diligence to discover the defendant's true identity.

254 F.3d at 965 (citing *Jones v. Resorcon, Inc.*, 604 So. 2d 370, 372–73 (Ala. 1992)).

D.  **Plaintiff's Motion for Limited Discovery for the Purpose of Identification and Service of Fictitious Parties**

The court has not yet entered an initial scheduling order, which will establish deadlines and govern discovery in accordance with the Federal Rules of Civil Procedure, making Plaintiff's discovery motion premature. Once the initial scheduling order is entered, Plaintiff may request documents directly from Defendants through a discovery request, without needing to file a motion.

Furthermore, if the discovery phase reveals the identities of any of the fictitious-party Defendants, and Plaintiff has otherwise exercised due diligence regarding their identities, Plaintiff can move to amend the complaint to add those defendants by the deadline established in the initial scheduling order. Plaintiff is cautioned that if he moves to amend the complaint to add parties during discovery,

8

those parties will not automatically be added as defendants. Plaintiff's motion will need to comply with the applicable rules and relevant case law as outlined in this Memorandum Opinion and Order to adequately show that the proposed amendment relates back to his timely filed complaint.

**E.     Conclusion**

Based on the foregoing, it is ORDERED as follows:

(1)     All claims asserted against any fictitious party (Claims # 7, 9–13) are STRICKEN from the complaint;

(2)     The Clerk of Court is DIRECTED to terminate Fictitious Parties A–F in the court's electronic records; and

(3)     Plaintiff's Motion for Limited Discovery for the Purpose of Identification and Service of Fictitious Parties (Doc. # 57) is DENIED.

DONE this 9th day of February, 2026.

                                                  /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE