IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARNELL JARMANE PERKINS, ) <br> AIS # 233410, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SGT. ROBINSON, *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 2:25-CV-188-WKW <br> [WO] |

## MEMORANDUM OPINION AND ORDER

**A.     Introduction**

Plaintiff Darnell Jarmane Perkins filed a *pro se* 42 U.S.C. § 1983 complaint on March 3, 2025.[1] (Doc. # 1.) The complaint named multiple Defendants "in their personal and official capacities"—John Q. Hamm,[2] Commissioner of the Alabama Department of Corrections (ADOC); Deborah Crook,[3] Deputy Commissioner of

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Plaintiff dated his complaint "March 3, 2025." (Doc. # 1 at 13.) Therefore, his complaint is deemed filed on March 3, 2025, even though it was docketed on March 7, 2025.

[2] Commissioner Hamm's motion to dismiss was granted on February 3, 2026, and he is no longer a Defendant in this action. (*See* Doc. # 61.)

[3] Deputy Commissioner Crook's motion to dismiss was granted on February 17, 2026, and she is no longer a Defendant in this action. (*See* Doc. # 65.)

Health Services for the ADOC; Wexford Health Sources, Inc.[4]; Sgt. Robinson; Officer Chaney; and Fictitious Parties A–F.[5]  Pursuant to an Order dated May 22, 2025 ("May 22 Order"), the complaint was sent via certified mail to all Defendants. (*See* Docs. # 8, 8-1.)

## B.  Attempts at Service

On May 30, 2025, a certified mail receipt sent to Officer Chaney at Bullock Correctional Facility was returned and docketed.  (Doc. # 9 at 3.)  On June 20, 2025, Assistant Attorney General Mary Arrington Goldthwaite entered a limited appearance to file a motion to dismiss (former) Officer Chaney for insufficient service of process.[6]   (Doc. # 19.)  The motion to dismiss former Officer Chaney alleged that Officer Chaney had not been employed with the ADOC since 2023, and that "Latavia Jackson," who is employed by the ADOC at Bullock Correctional Facility, improperly signed the certified mail receipt card on Officer Chaney's behalf.  (*Id.* at 1–2 ¶¶ 2–5.)  The motion argued for dismissal of former Officer

---

[4] Plaintiff originally named CHS AL, LLC d/b/a YesCare as a Defendant.  However, it has since been determined that Wexford Health Sources, Inc. was the healthcare entity that was contracting with the ADOC to provide healthcare services to inmates at the time alleged by Plaintiff.  (*See* Doc. # 38.)

[5] Plaintiff's claims against Fictitious Parties A–F were stricken from the complaint on February 9, 2026.  (*See* Doc. # 63.)

[6] By Order dated January 28, 2026, the motion to dismiss former Officer Chaney was denied without prejudice to refiling in the event that the most recent service attempt (*see* Docs. # 51, 52) proved unsuccessful.  (Doc. # 59.)

2

Chaney as a Defendant pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure or, in the alternative, for service on Officer Chaney to be quashed and all deadlines stayed with respect to him until he has been properly served.  (*Id.* at 2.) Plaintiff was directed to respond to the motion, requested an extension, which was granted, and subsequently submitted a response in opposition.  (Docs. # 27, 29, 31.) In essence, Plaintiff contends that Officer Chaney has actual notice of the lawsuit. (Doc. # 31.)

In an Order issued on December 18, 2025 ("December 18 Order"), the court noted the Federal Rules' requirements regarding service of process:  "The Federal Rules of Civil Procedure require that the court dismiss a defendant who is not served within 90 days after the complaint is filed 'or order that service be made within a specified time' unless 'the plaintiff shows good cause for the failure.'"  (Doc. # 48 at 2 (citing Fed. R. Civ. P. 4(m)).)  The December 18 Order also recognized that "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison."  (*Id.* (quoting *Richard v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2020) (per curiam)).)  "In cases where the plaintiff has provided enough information such that a prison-guard defendant can be identified and located with reasonable effort, good cause exists to excuse the plaintiff's failure to serve the defendant within the time limit imposed by Rule 4(m)."  (*Id.* at 2–3 (citing *Richard*, 598 F.3d at 740).)

3

Reasoning that Plaintiff had provided enough information to locate and attempt service on Officer Chaney (*i.e.*, Officer Chaney's name and the time frame during which Officer Chaney was employed by the ADOC), the court ordered General Counsel for the ADOC to file under seal the last known home or employment addresses on record for Officer Chaney. (*Id.* at 3.)

In response to the December 18 Order, the ADOC's General Counsel provided former Officer Chaney's last known address under seal, while noting that "Undersigned Counsel does *not* represent Officer Chaney." (Doc. # 50.) On December 31, 2025, the certified mail receipt documenting attempted service of the summons and complaint incorrectly was addressed to "Officer chancey" rather than Officer Chaney (as designated in the complaint), erroneously omitted the street number from the street name, and inaccurately included a six-digit zip code. (Doc. # 52-3; *see also* Doc. # 51 (Order directing the Clerk's Office "to serve the summons and complaint by certified mail to former Officer Chaney at the address provided by the ADOC's General Counsel (Doc. # 50)").) On February 9, 2026, the certified mail was returned to the court with a handwritten notation, "UNC" (Doc. # 64), which appears to indicate that it was "unclaimed." *See Postal Bulletin 22214*, U.S. Postal Serv., https://about.usps.com/postal-bulletin/2007/html/pb22214/updt.3.12.html (last visited Feb. 23, 2026).

**C.    Conclusion**

Based on the foregoing, it is ORDERED that

(1)    The Clerk of Court is DIRECTED to (a) serve the summons and complaint by certified mail on former Officer Chaney at the address provided by the ADOC's General Counsel (Doc. # 50) and (b) ensure the use of the correct name and the complete, accurate address; and

(2)    Defendant must answer or otherwise respond by motion in accordance with Rule 12 of the Federal Rules of Civil Procedure within **twenty-one (21) days** of being served.

DONE this 24th day of February, 2026.

                                           /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE